### No. 883

### FRANK v. CORCORAN et al

No. 19993.　Supreme Court

On motion to certify.　Dock July 20, 1926; 4 Abs. 510.

829.　NEGLIGENCE—Has prejudicial error been committed in an action for damages for injuries received by alleged negligence where counsel for the defendant asks questions of a witness which apprised the jury of the fact that the defendant is insured by an insurance company for any damage whwich may be assessed in said action?

This action was brought originally in the Lucas Common Pleas by Clara E. Corcoran et against one George B. Frank for damages for personal injuries sustained in an automobile accident.

During the trial, counsel for Frank inquired concerning conversations between the parties whwich disclosed the fact that Frank was insured against any liability by an insurance company.　After the questions had been asked the court ordered the same struck from the record.

Judgment of the Common Pleas for $5000 in favor of the plaintiff was affirmed by the Court of Appeals after a remittitur of $1000 waws ordered.

Frank in the Supreme Court contends: that it was prejudicial error to ask the questions complained of which apprised the jury that he waws insured against an unfavorable verdict; and Corcoran claims that if any error were committed the same was cured by instructing the jury to disregard the questions.

Attorneys—Smith, Baker, Effler & Eastman for Frank; Geo. E. Moss, R. B. Lee and F. A. Carabin for Corcoran; all of Toledo.

Note—OA. opinion will be found in 4 Abs. 600.

---

### No. 884

### STATE v. KILDUFF

No. 20000.　Supreme Court

On motion to certify.　Dock. July 21, 1926; 4 Abs. 510.

681.　JURISDICTION—May the Municipal Court of the city of Cleveland try an accused for a violation of 13062 GC. when the forbidden act is committed out of the corporate limits of the city?

Thomas Kilduff was accused of selling pools in violation of 13062 GC., the violation being alleged to have been committed without limits of the city of Cleveland.

The judgment of the Municipal Court in sustaining a motion to quash was affirmed by the Court of Appeals.

The State in the Supreme Court contends that the Municipal Court of the city of Cleveland has jurisdiction of the case under 1579-12 GC.

Attorneys—Carl F. Schuler for State; Maurice Bernon for Kilduff; both of Cleveland.

---

### No. 885

### PYLE v. STATE ex WEBBER

No. 20002.　Supreme Court

On motion to certify.　Dock. July 22, 1926; 4 Abs. 510.

129.　BASTARDY—Is an action for bastardy within the purview of 12123 GC. and therefore barred by the Statute of Limitations as provided in 11222 GC?

This action was brought originally in the Lucas Common Pleas by the State ex rel Elizabeth Webber against John S. Pyle for bastardy.

The evidence disclosed that the act complained of happened 1 years before the bringing of this action.

The judgment of the Common Pleas against Pyle was affirmed by the Court of Appeals.

Pyle in the Supreme Court contends:

1. That a judgment in a bastardy proceeding is a statutory liability within the purview of 12123 GC.

2. That the action is barred by the Statute of Limitations because said action was not brought within a period of six years.

Attorneys—Stahl & Price for Pyle; Fraser, Hiett, Wall & Eppler for State ex; all of Toledo.